UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDDIE T. MILLER,

                              Plaintiff,

        v.

LOUIS SHELTON, et al.,

                              Defendants.
_____

DECISION & ORDER

99-CV-6142

        Currently pending before this Court is plaintiff's motion for relief from final judgment under Rule 60(b) of the Federal Rules of Civil Procedure or, in the alternative, for the Court to entertain an independent action to relieve plaintiff from such judgment.  (Docket # 102).  The parties have consented to jurisdiction by a magistrate judge to conduct all proceedings in the case in accordance with 28 U.S.C. § 636(c).  (Docket # 35).

        On June 18, 1999, plaintiff filed an amended complaint naming as defendants the Postal Service and Louis Shelton, in his official capacity.  (Docket # 7).  Plaintiff's amended complaint (filed *pro se* and liberally construed) alleged direct denials and interference with the exercise of his rights under the Family and Medical Leave Act ("FMLA"), as proscribed by 29 U.S.C. § 2615(a)(1), and discriminatory discharge (retaliation), as proscribed by § 2615(a)(2).  The amended complaint sought reinstatement and $4,300,000.00 in damages.  (Docket # 7).

        Following a non-jury trial, the Court entered a decision and order on March 28, 2002, that set forth its findings of fact and conclusions of law.  (Docket # 87).  Based on the Court's finding that the defendants did not violate the plaintiff's rights under the FMLA,

specifically 29 U.S.C. § 2615(a)(1) (interference with one's rights under FMLA) and 29 U.S.C. § 2615(a)(2) (retaliation for exercising one's rights under the FMLA), judgment was entered on March 28, 2002 in favor of defendants and against plaintiff.[1] (Docket # 88). On April 8, 2002, plaintiff filed a motion, pursuant to Fed. R. Civ. P. 52(b) and 59(a), requesting the Court to add to or amend its findings, and to amend the judgment (Docket # 89), which was denied by decision and order dated July 12, 2002.[2] (Docket # 96). Plaintiff filed a timely notice of appeal, and the appeal was dismissed on March 5, 2003. (Docket # 101). Over two years later, on March 22, 2005, plaintiff filed the instant motion.

In his pending motion, plaintiff maintains that the Court should relieve him from the final judgment – either under Rule 60(b) or through an independent action – because the defendants and their attorney submitted fraudulent and forged evidence during the trial. (Docket # 102 at ¶ 1). His argument is based principally on the admission into evidence of a Form WH-380 - Certification of Health Care Provider (Family and Medical Leave Act of 1993) – signed by plaintiff's physician, Marshall Goldstein, M.D., pertaining to plaintiff's request for FMLA leave. (Docket # 102 at ¶¶ 1-29). That exhibit was offered into evidence by plaintiff's counsel (Tr. 231, 358),[3] and the Court cited it in its decision awarding judgment to defendants. Specifically, the Court noted that the responses to questions 7a-7c stated that plaintiff was able to

---

[1] Specifically, the Court found that the disputed absences and resultant suspension and termination notice were unrelated to plaintiff's health condition, even if his condition were considered serious enough to warrant medical leave under the FMLA. (Docket # 87 at 30-31).

[2] This decision, as well as the decision granting judgment in favor of the defendants, was issued by former Magistrate Judge William G. Bauer, whose departure from the bench preceded the pending motion.

[3] "Tr." refers to the transcript of the bench trial held on August 14-16 and 30, 2001. (Docket ## 80-82).

perform the essential functions of his job and needed to be absent from work "only for office visits." (Docket # 87 at 11).

Plaintiff now contends that these responses were forged. (Docket # 102 at ¶¶ 6-29). In support of his contention, he has submitted a copy of that exhibit that contains a notation on it that was absent from the one admitted at trial. The new notation, which appears at the bottom of the form, states:

> All the responses (written) re questions 7a+b+c are NOT identified as written by myself or anyone in my office. I believe they were added by an unidentified individual after I signed this form.

This notation, which is not an original, is signed "Marshall Goldstein, M.D., July 15, 2003." (Docket # 102, Ex. LL). Plaintiff has not submitted an affidavit of Marshall Goldstein, M.D., to affirm that the handwritten notation is in fact his or to offer any additional information pertaining to plaintiff's medical condition at the time he signed the form.[4]

**I.    Rule 60(b)(3)**

As the Second Circuit has repeatedly recognized, "[p]roperly applied, [Rule 60] preserves a balance between serving the ends of justice and ensuring that litigation reaches an end within a finite period of time." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994) (quoting *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982)) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *In re Frigitemp Corp.*, 781 F.2d 324, 326-27

---

[4] In his own affidavit, plaintiff alleges, "In Doctor Marshall Goldstein['s] words, 'This [form] has been tampered with, it is an Absolute Forgery and I will testify to this!'" (Docket # 102 at ¶ 9). Plaintiff has not, however, indicated the purported source of the words that he attributes to Dr. Goldstein.

(2d Cir. 1986)). Rule 60(b)(3) affords the court discretion to relieve a party from a final judgment on the grounds of fraud committed by an adverse party. Fed. R. Civ. P. 60(b)(3). *See Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991) ("[a] motion to vacate a judgment under Fed. R. Civ. P. 60(b) is addressed to the sound discretion of the trial court").

I find that plaintiff has failed to demonstrate his entitlement to relief on this basis. First, he has failed to demonstrate that the responses to questions 7a, 7b and 7c on the Form, even if they were completed by someone other than Dr. Goldstein, were forgeries properly chargeable to defendants. There is simply no factual basis to conclude that the responses were recorded by any official or employee of the Postal Service or, even if they were, that they inaccurately reflected Dr. Goldstein's medical opinion. Significantly, the notation upon which plaintiff now relies simply states that the "written" responses were not made by Dr. Goldstein or anyone in his office; it does not state that the responses were not provided orally by his office or that the substance of them was false. In the absence of an affidavit of Dr. Goldstein or other competent evidence on these issues, this Court is unable to find that the document should be considered an intentional forgery. Nor is the court able to conclude that the responses constitute a fraud "committed by an adverse party." *See* Fed. R. Civ. P. 63(b)(3).

Moreover, it is hard to grasp how this document – which was introduced at trial by the plaintiff – resulted in a judgment that was unfairly obtained. *See, e.g.*, *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897, 898 (7th Cir. 1995) ("Rule 60(b)(3) protects the fairness of the proceedings, not necessarily the correctness of the verdict"; to warrant relief under 60(b)(3), movant must show that fraud by the adverse party prevented movant from "fully and fairly presenting its case at

4

trial"); *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994) ("Rule 60(b)(3) focuses not on erroneous judgments as such, but on judgments which were unfairly procured"); *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1358 (5th Cir.) ("Rule [60(b)(3)] is aimed at judgments which were unfairly obtained"), *cert. denied*, 488 U.S. 968 (1988).  In his thorough decision, Judge Bauer made clear that plaintiff's medical condition – whether or not it constituted a serious health condition necessitating medical leave – had nothing whatsoever to do with the absences that were disputed during the trial and that led to plaintiff's notice of termination.  Specifically, Judge Bauer found:

> there is simply no evidence that plaintiff's challenged absences on January 11-12, and February 9-10, 1998 were in any way related to his depression or bi-polar disorder, and thus protected under the FMLA and covered by his initial request for FMLA leave.

(Docket # 87 at 30).  He therefore concluded that "the AWOL absences and resultant 14-day suspension were not a denial of or interference with plaintiff's FMLA rights." (*Id*. at 31).  Indeed, Judge Bauer reaffirmed his holding in his subsequent decision denying plaintiff's Rule 59 motion. (*See* Docket # 96 at 5) ("this Court [found] that the defendant did not interfere with the exercise of plaintiff's rights under the FMLA (29 U.S.C. § 2615(a)(1)) with respect to either the January or February 1998 absences that formed the basis of the plaintiff's suspension and Notice of Removal because there was no evidence that these challenged absences were in any way related to his depression or bi-polar disorder, and were thus protected by the FMLA and covered by his initial request to FMLA leave").

Finally, plaintiff's motion under Rule 60(b)(3) fails for another, independent reason: it is untimely.  The rule provides that such motions must be made within a reasonable

time, but in no event more than one year after the judgment was entered. Plaintiff has plainly failed to comply with the one-year limit, waiting instead until nearly three years after the judgment was entered to move for relief from the judgment. *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir.) (appeal of judgment does not toll the one-year period of filing motion under Rule 60(b)(3)), *cert. denied*, 537 U.S. 960 (2002). His delay is unexplained and curious considering that the notation upon which he relies bears the date July 15, 2003, suggesting that he learned as early as twenty months before he filed the instant motion that Dr. Goldstein did not write the challenged responses. Because the one-year limit is absolute and may not be extended by the court, *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir.), *cert. denied*, 531 U.S. 968 (2000), plaintiff's motion under Rule 60(b)(3) must also be denied because it is untimely.[5]

## II.    Rules 60(b)(4) and 60(b)(6)

Plaintiff's attempt to avoid the time-bar by styling his motion as one seeking relief under subsections (b)(4) and (b)(6) must also be rejected. Rule 60(b)(4) requires a court to grant relief from a judgment shown to be void. Fed. R. Civ. P. 60(b)(4). A judgment is void only where it is beyond the court's jurisdiction or constitutes a usurpation of power that violates due process. *See, e.g., Kalb v. Feuerstein*, 308 U.S. 433, 438 (1940); *United States v. Forma*, 42 F.3d 759, 762 (2d Cir. 1994); *Covington Indus., Inc. v. Resintex, A. G.*, 629 F.2d 730, 732 (2d Cir.

---

[5] At various points in his moving papers, plaintiff refers to "newly-discovered evidence." Even if his motion were construed as a motion under Rule 60(b)(2) for relief based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," it is likewise untimely. Motions under Rule 60(b)(2), like motions under Rule 60(b)(3), are subject to the one-year limit. Fed. R. Civ. P. 60(b). In addition, such a motion would fail because plaintiff has not adequately demonstrated why such evidence could not have been discovered earlier through the exercise of due diligence. *See Schwartz v. Capital Liquidators, Inc.*, 984 F.2d 53, 54 (2d Cir. 1993).

1980); *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990). Plaintiff has made no such showing here; nor can this Court find any support in the record for his contention that the judgment is void.

Rule 60(b)(6), sometimes referred to as the "catch-all" provision, allows a court to grant relief from judgment for "any other reason justifying relief." Fed. R. Civ. P. 60(b)(6). Plaintiff's reliance on this provision is equally unavailing. A court's discretion to grant relief under this subsection is limited to those circumstances that are not encompassed in subsections (b)(1) through (5). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) ("Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)"). Where, as here, the basis for relief is that the defendants engaged in fraud by producing in discovery forged and fraudulent documents, that motion is properly made under Rule 60(b)(3). As previously noted, plaintiff's motion under (b)(3) is untimely, and the one-year limit may not be avoided by involving the court's powers under (b)(6). *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 393 (1993) ("These provisions are mutually exclusive, and thus a party who failed to take timely action [within one year] may not seek relief more than one year after the judgment by resorting to subsection (6)").

**III.    Independent Action**

Plaintiff has moved in the alternative for an "independent action" to relieve him from judgment. Rule 60(b) expressly provides, "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . or to set aside a judgment for fraud upon the court." Fed. R. Civ. P. 60(b). As the Second Circuit has affirmed, "the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient to relief by timely motion." *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988) (citations omitted). The narrower type, the court explained, is that which "subvert[s] the integrity of the court itself, or is . . . perpetrated by officers of the court." *Id.* at 560 (quoting 7 J. Moore, *Federal Practice*, ¶ 60.33 at 360). Such fraud generally does not include witness perjury or fabricated evidence that does not involve officers of the court and that could and should have been discovered during litigation and exposed at trial. *Id.*

Judged under this authority, plaintiff's request for an independent action must be denied. He has come forward with no facts to show how he discovered the alleged forged responses or, more importantly, why he could not have discovered them earlier. Indeed, other than Dr. Goldstein, plaintiff seems to have been in the best position to uncover the alleged forgery – involving, as it does, opinions by his treating physician about his medical condition. In the absence of contrary information, it is reasonable to assume that a patient would be familiar with his physician's opinions about the severity of or limitations imposed by his condition.

Moreover, the law is also clear that a court's discretion to entertain an independent action should be exercised only to avoid a "grave miscarriage of justice" or "manifest injustice." *See, e.g.*, *United States v. Beggerly*, 524 U.S. 38, 47 (1998) ("an independent action should be

available only to prevent a grave miscarriage of justice); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-45 (1944) ("[o]ut of deference to the deep rooted policy in favor of the repose of judgments entered during past terms, courts of equity have been cautious in exercising their power over such judgments[;] [b]ut where the occasion has demanded, where enforcement of the judgment is 'manifestly unconscionable,' they have wielded the power without hesitation") (internal quotation omitted). As previously noted, the form containing the alleged forged responses had no bearing on Judge Bauer's determination that defendants did not violate plaintiff's rights under the FMLA. Under these circumstances, the judgment from which plaintiff seeks relief can hardly be considered manifestly unjust.

### IV.     Remaining Contentions

This Court has considered and reviewed plaintiff's other arguments in support of his motion for relief from judgment and finds them to be without merit. Certain of his arguments relate to evidence that he believes the court overlooked or improperly evaluated (Issues Nos. 2, 3, 4 and 6), or to evidentiary rulings that he believes were erroneous (Issue No. 7), which are not the bases upon which judgments may be disturbed. Other arguments concern evidence that he contends was fraudulent, although he has not connected the defendants or their counsel to the fabrication of such evidence. (Issue No. 2). The remainder of his contentions challenge the integrity of evidence or testimony offered at trial, but do not establish his inability to have made such challenges at the time of trial. Indeed, much of the proof that plaintiff proffers to demonstrate the alleged fraud consists of documents and postal regulations that existed at the time of trial and with which plaintiff was presumably familiar. (Issues Nos. 2, 3, 4 and 5).

## V. Conclusion

For the foregoing reasons, plaintiff's motion for relief from final judgment pursuant to Federal Rules of Civil Procedure 60(b) or, in the alternative, for the Court to entertain an independent action to relieve such judgment (**Docket # 102**) is **DENIED**.

**IT IS SO ORDERED.**

                                                                    *s/Marian W. Payson*
                                                                        MARIAN W. PAYSON
                                                              United States Magistrate Judge

Dated: Rochester, New York
        March  20 , 2006.